24

**Curtis BARTLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

Paul E. Hayes, Prestonsburg, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Special Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted by a jury of the crime of voluntary manslaughter and his punishment was fixed at confinement in the penitentiary for a period of ten years. He seeks a reversal of the judgment upon the grounds that: (1) The evidence was insufficient to support the verdict and (2) the court erroneously failed to instruct the jury as to the offense of involuntary manslaughter.

The appellant and two female companions visited a dance hall at Scuddy, Kentucky. While at the dance they were joined by the deceased, James Turner, a stranger to the appellant. After considerable drinking and dancing the appellant and his companions left the dance. Turner requested permission to ride to Wheelwright in appellant's car and appellant agreed. The seating arrangement in the automobile placed the appellant and one of the women in the rear seat, the other woman drove, and Turner rode in the front seat on the passenger side.

On the journey to Wheelwright, Turner and the appellant engaged in an argument resulting in a threat by the appellant to evict Turner from the automobile and Turner's challenge of his ability to do so.

The appellant was the owner of a pistol which was concealed under the front seat of the car. During the course of the journey to Wheelwright, appellant became apprehensive of his safety and removed the pistol from its hiding place and secreted it inside the front of his shirt. His purpose in doing this was to protect himself.

According to the appellant's version of the incident the deceased threatened him: "Wait until we get you up on the mountain. I am going to show you a thing or two." At the time he made that threat, Turner grabbed for the pistol (still inside appellant's shirt) and appellant grabbed for it also. Each of them was grappling for the pistol when it discharged killing Turner. Appellant testified that he had no malice toward Turner, did not previously know him, had no motive to kill him and the shooting was accidental. The two female passengers heard the running argument between appellant and Turner but did not see any fight or scuffle between the men. One of the women said if there had been any fight she would have seen it.

The court instructed the jury on murder, voluntary manslaughter, accidental shooting and self-defense. Without question all of those involved had imbibed freely and the appellant and Turner were engaged in a running argument. It is admitted that Turner was shot with appellant's pistol.

■ Although the appellant claimed accidental shooting the jury was not required to believe his testimony about a struggle for the gun. It is significant that neither of the female occupants of the car saw any struggle although both were in a position to have seen the struggle had one occurred. The jury could reasonably conclude from the evidence that the ap-

pellant deliberately shot Turner with malice as a result of their argument or that the shooting was the result of sudden passion arising from some provocation offered by Turner. In any event the evidence appears sufficient to sustain the conviction.

The appellant's next contention is that the court should have instructed on involuntary manslaughter. KRS 435.022 provides:

"Any person who causes the death of a human being by an act creating such extreme risk of death or great bodily injury as to manifest a wanton indifference to the value of human life according to the standard of conduct of a reasonable man under the circumstances shall be guilty of involuntary manslaughter in the first degree and shall be confined in the penitentiary for not less than one nor more than fifteen years.

"Any person who causes the death of a human being by reckless conduct according to the standard of conduct of a reasonable man under the circumstances shall be guilty of involuntary manslaughter in the second degree and shall be imprisoned in the county jail for a term not exceeding twelve months or fined a sum not exceeding five thousand dollars or both."

■ A wanton act is a wrongful act done on purpose in complete disregard of the rights of others. The actor must have conscious knowledge of the probable consequences and a complete disregard for them. Reckless conduct displays an indifference to the rights of others and an indifference as to whether wrong or injury will result from the act done. Recklessness involves thoughtlessness while wanton conduct involves actual knowledge of the probable result and complete disregard for those results. Lambert v. Commonwealth, Ky., 377 S.W.2d 76 (1964).

■ KRS 435.022 makes punishable acts resulting in unintentional death if the acts

create such an unreasonable risk of harm as to evince utter indifference or disregard for the life and safety of others. The difference in the degree of culpability is measured by the difference in *wanton* and *reckless* conduct as we have defined those terms. In this case there is no evidence of any act of the appellant which can be characterized either as wanton or reckless. Cf. Shanks v. Commonwealth, Ky., 390 S.W.2d 888 (1965) and Vinson v. Commonwealth, Ky., 412 S.W.2d 565 (1967). The shooting of Turner was either intentional (in which case it amounted to murder or voluntary manslaughter) or it resulted from the accidental discharge of the pistol when Turner grabbed for it (in which case appellant should have been acquitted). These two theories of the case were presented under proper instructions and the jury elected to believe that the shooting was intentional.

The appellant relies upon Greenville v. Commonwealth, Ky., 467 S.W.2d 765 (1971), which is distinguishable upon the facts. In *Greenville* the wanton act which authorized an instruction on involuntary manslaughter was the extremely negligent handling of a firearm.

The judgment is affirmed.

All concur.