**Lee Ernest COLEMAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 9, 1973.

Herbert F. Ponder, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Thomas A. Ainley, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

The defendant, Lee Ernest Coleman, was indicted for murder, convicted of voluntary manslaughter and sentenced to twenty-one years' imprisonment. The indictment charged that on the 5th day of January 1972, he beat to death an individual by the name of Gladys Lewis with whom he was living at the time without benefit of clergy. On the day Mrs. Lewis met her death she, Juanita Bryant and the defendant had been to the races at Keeneland. They returned home sometime in the afternoon. Juanita Bryant lived next door to Gladys Lewis. Mrs. Bryant went to bed and had slept for sometime when the appellant knocked upon her door (she estimated around 9:00 p. m.) and asked her to come and see about Gladys. Juanita sent her husband over who immediately returned and said she had better go. She stated that when she arrived there Gladys was lying on the floor, that her face was full of blood and she was blue across the eyes. She stated that she called the emergency squad at the hospital who reported and took her to the hospital. Shortly after arrival, Gladys died of multiple blows about the head.

Appellant did not take the stand in his own defense. His only explanation of

**584**

the matter, to the police officers investigating, was that the deceased had a seizure resembling an epileptic seizure and the television fell on her. He contends upon this appeal that the trial court committed error in refusing to specifically instruct the jury not to consider the fact that he did not testify in his own behalf. We have, in two recent cases, squarely met this issue and decided it adversely to appellant's contention, see Farmer v. Commonwealth, Ky., 461 S.W.2d 551 (1970), Green v. Commonwealth, Ky., 488 S.W.2d 339 (1972).

Appellant further contends that the trial court erred in overruling his motion to amend the indictment to charge the offense defined in KRS 435.050 which is homicide occurring in the course of striking, stabbing or shooting. A trial court has no authority to amend an indictment to charge an additional or different offense, RCr 6.16. This has been the rule in this Commonwealth for a great number of years, see Commonwealth v. Adams, 92 Ky. 134, 17 S.W. 276 (1891).

The grand jury charged appellant with murder. He was found guilty of voluntary manslaughter. The fact that he could have been found guilty of the offense defined in KRS 435.050 under the evidence presented, in no way supports the proposition contended for here, that the trial court had to amend the indictment to the lesser offense. When a series of facts constituting a crime are presented to a grand jury it is entirely possible that they will support an indictment for several different offenses. This does not mean that the grand jury must indict upon all offenses that the facts will support nor does it mean it must indict upon the lesser offense that the facts will support. It has a choice in the matter and once that choice is made by the grand jury the defendant has no absolute right nor does the trial court have jurisdiction to change it except as authorized by RCr 6.16.

As a parting shot, appellant contends that the court should have instructed the jury on involuntary manslaughter. The problem with this contention is that no specific objection was made to the instructions, either during the trial or in the motion and grounds for a new trial, and the matter is not preserved for appellate review, Grissom v. Commonwealth, Ky., 468 S.W.2d 263 (1971). In any event, we do not believe the evidence in the case warranted an instruction on involuntary manslaughter. There was nothing in the record that indicated in any way that the death was or could have been caused by the negligent conduct of appellant as provided for in KRS 435.022.

Under the evidence offered appellant was either guilty of murder or voluntary manslaughter (both of which the court fully covered in its instructions) or nothing, as he contended that the decedent met her death solely as a result of an accident.

The judgment is affirmed.

All concur.