Roger E. GARRETT, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Dec. 9, 1977.

Rehearing Denied Feb. 21, 1978.

Jack Emory Farley, Public Defender, Thomas R. Lewis, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Miles H. Franklin, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

The appellant, Roger E. Garrett, was jointly indicted with Leroy Campbell and John Campbell for the murder of Pearl Campbell. As a result of the trial, appellant was found guilty of aiding and abetting in the murder and was sentenced to 20 years' imprisonment. The appellant did not testify and no witnesses were called in his

behalf. An autopsy was performed on the victim, and the pathologist testified that the death occurred on July 10, 1976, as a result of stab wounds. The body was found lying 30 feet off Clintonville Road in Clark County, Kentucky, in high grass.

Appellant's first assignment of error is that the trial court erred to appellant's substantial prejudice by overruling appellant's motion for a directed verdict.

Woodrow Duff testified that he had known the deceased for 35 to 40 years and that he had seen the victim with the appellant and the two co-indictees on the day of the victim's killing. He testified that the four men were in an automobile which was later identified as a green Chevrolet Nova, Super Sport, with a white vinyl top and an Indiana license plate. Lee Bryant, in testifying for the prosecution, said that she saw three men helping a man out of the ditch near where a late-model Chevrolet Nova was parked by the road. Lisa Immi, a passenger in the Bryant car, testified that she saw four men at the scene of the crime. Two men were holding a man while one was hitting him. Susan Whitlock testified that she was driving down the Clintonville Road on the day in question and near the scene of the crime. She further testified that she saw a man near a parked automobile. Later at the trial this witness made a positive in-court identification of the appellant as being the same man she saw near the scene of the homicide. Leroy Campbell, appellant's co-indictee, was also identified at the scene by Tommy Neil, who testified for the prosecution.

■ One of the better statements applicable to the case at bar is found in *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977). In this case it is stated: "If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal."

We cannot say, therefore, that the trial court erred in submitting the case to the jury.

■ Appellant's next contention is that his rights were substantially prejudiced by the trial court's overruling of his motion for change of venue. The record reveals that the trial court held an in-chambers hearing on appellant's motion prior to trial. The record also reveals that a long and detailed voir dire was conducted. The jury was administered the usual and customary oath to try the case solely on the evidence presented in court. This court has enunciated general guidelines on change of venue for the benefit of the trial judges. For example, in the case of *Hurley v. Commonwealth*, Ky., 451 S.W.2d 838, 841 (1970), this court said: "In the making of such determination, the trial judge has wide discretion in granting or refusing change of venue and his discretion is given great weight because he is present in the county and presumed to know the situation." This statement was a quote from *Nickell v. Commonwealth*, Ky., 371 S.W.2d 849 (1963).

A review of the record convinces this court the trial judge acted properly and did not abuse his discretion in overruling the requested motion for change of venue.

■ Appellant's next assignment of error is that he was denied a fair trial by the trial court's improper comments during voir dire to the entire jury panel. This argument is without merit. In qualifying the prospective jurors, the appellant's counsel asked the jury if they had any feeling that the appellant might be guilty simply by the fact that he was on trial that day. The trial court interrupted and said:

Well, now, don't ask any more questions on that order. The man has been accused by a Grand Jury. He wasn't picked up as a stranger on the street, now. Despite the image television may project, the man has been accused by a Grand Jury. He wasn't picked up just passing through town and we needed somebody to sit as a defendant in a trial. We don't want to project that image, and the jury surely don't think that that's what happened. There're some people that have made a very, very serious accusation against the person. That is just a little bit beyond his being a rank stranger.

The trial judge, however, further remarked to the jury as follows:

. . . But all trials in the American jury system, a person is presumed to be innocent until it is proven by evidence presented in a courtroom to the satisfaction of a trial jury beyond a reasonable doubt that he has been proven guilty. Until that measure of proof is met; that is, to your satisfaction, beyond a reasonable doubt, that he is guilty. But at the start of the trial he is presumed to be innocent and he will be innocent until that burden is met. And the burden is entirely on the Commonwealth to prove it. It is not on the defendant to establish that he didn't do it; the burden is on the Commonwealth to prove that he did it.

This court said in *Rice v. Commonwealth*, 278 Ky. 43, 128 S.W.2d 219 (1939): ". . . it is impossible to conceive how such alleged error could prejudice defendant's rights, since the juror, if he was qualified to act as such at all, is required only to exercise his discretion as permitted under the evidence and the instructions of the court." *Id.*, at 222–223.

■ Appellant's next assignment of error is: "The prosecution's introduction of a 'mug shot' photograph of appellant which had no probative value in the case at bar, violated appellant's right to a fair trial as guaranteed by the due process clause of the fourteenth amendment to the Federal Constitution." The photograph of the appellant was introduced during the testimony of Detective Stephens, who had obtained the picture from the files of the Lexington Metro Police Department during his investigation of the case. It should be remembered that the witness, Susan Whitlock, made a positive in-court identification of the appellant. The record discloses that the trial judge removed all unnecessary markings from the picture and cut away the lower part containing the identification numbers used by the police and marked out some notations on the back of the picture. The trial judge was very careful to explain to the jury his actions and advised them that he was only eliminating parts of the photograph. All of the police department notations and markings were either covered or removed. This court concludes that if the photograph was improperly admitted, it was merely harmless error. *See Niemeyer v. Commonwealth*, Ky., 533 S.W.2d 218, 221–222 (1976).

■ Appellant's next contention is that the trial court denied the appellant a fair trial by precluding the cross-examination of a key prosecution witness. During the cross-examination of Woodrow Duff, the witness was asked if he was "aware that the Commonwealth's Attorney attempted to get some charges dismissed against him." An objection by the Commonwealth's Attorney was sustained by the court and the appellant's counsel was precluded from this line of inquiry. The record reveals that appellant's trial counsel did not make an avowal. Hence, the alleged error was not properly preserved for appellate review. *Queen v. Commonwealth*, Ky., 551 S.W.2d 239 (1977).

■ Appellant's next argument is that the trial court erred by failing to instruct the jury on manslaughter in the second degree (KRS 507.040). The instructions given by the court were on murder, first-degree manslaughter, and aiding and abetting murder.

In *Bartley v. Commonwealth*, Ky., 478 S.W.2d 24 (1972), this court held that the trial judge properly refused to give an instruction on involuntary manslaughter (now second-degree manslaughter) where there was no evidence of any act of the defendant which could be characterized as either wanton or reckless. This court also held in *Coleman v. Commonwealth*, Ky., 501 S.W.2d 583 (1973), that where there was nothing in the record that indicated the death could have been caused by negligent conduct of the defendant, the trial court did not err by not including an instruction on involuntary manslaughter. There is no evidence in the record that appellant acted wantonly or recklessly. Further, there is no evidence that the appellant acted negligently. These elements must be present to constitute

crime of manslaughter in the second degree. Hence, this court cannot say that the trial court erred by failing to instruct on manslaughter in the second degree.

Appellant's next argument is that the prosecutor made improper comments during his closing argument which constituted reversible error. The record reveals, however, that the closing statement of the Commonwealth's Attorney was within the bounds of propriety.

Appellant's last assignment of error is that the cumulative effect of the preceding alleged errors substantially prejudiced him and deprived him of his constitutional right to a fair trial. Since we have discussed each assignment of error and have found that they have not substantially prejudiced the appellant, we conclude that he was not constitutionally deprived of his right to a fair trial.

The judgment is affirmed.

All concur.