**Dustin STUMP, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–CA–001762–DG.

Court of Appeals of Kentucky.

Jan. 16, 2009.

Discretionary Review Denied by Supreme Court Aug. 19, 2009.

John L. Tackett, Lexington, KY, for appellant.

Carrie McIntyre, Assistant Fayette County Attorney, Lexington, KY, for appellee.

Before CAPERTON and MOORE, Judges; GUIDUGLI,[1] Senior Judge.

## *OPINION*

MOORE, Judge.

On discretionary review, Dustin Stump seeks reversal of an appellate opinion of the Fayette Circuit Court, affirming the Fayette District Court's denial of Stump's motion to present the result of a preliminary breath test as exculpatory evidence. Both the circuit court and the district court decided that Kentucky Revised Statutes (KRS) 189A.104(2) specifically prohibited the introduction of such evidence at trial and that the statute was constitutional. On discretionary review, Stump argues that this statute is unconstitutional because it violates his right to due process and offends the doctrine of separation of powers. Concluding that KRS 189A.104(2) does not apply to the case at hand, we vacate and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In Fayette County during the early morning hours, an officer with the Lexington Metro Police Department noticed Stump driving without his headlights illuminated. The officer pulled Stump over and noticed that he had a strong odor of alcohol about his person. The officer administered several field sobriety tests to Stump, which Stump failed, as well as a preliminary breath test (PBT). The PBT result was a 0.078 blood alcohol level,[2] just below the legal limit of 0.08 as found in KRS 189A.010(1)(a). The officer thereafter arrested Stump for driving under the influence (DUI).

After Stump was arrested, the officer transported him to a local hospital for a blood alcohol test. The blood test showed Stump had a blood alcohol content of 0.09. Prior to trial, Stump moved the Fayette District Court for leave to present his PBT result as exculpatory evidence. In his motion, Stump acknowledged KRS 189A.104(2) rendered the result of a PBT inadmissible in court. He argued, nonetheless, the statute was unconstitutional because it violated his due process right to present a defense and violated the doctrine of separation of powers.

The Fayette District Court rejected Stump's analysis, determined the statute rendered PBT results inadmissible, and denied his motion. Subsequently, Stump entered a conditional guilty plea reserving

---

1. Senior Judge Daniel T. Guidugli sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Blood alcohol results are expressed in terms of grams per 100 milliliters.

the right to appeal the denial of his motion.

On appeal to the circuit court, Stump presented the same arguments regarding the constitutionality of KRS 189A.104(2). However, the circuit court ruled the statute was constitutionally valid, thus affirming Stump's conviction. After the circuit court affirmed Stump's conviction, he filed a motion for discretionary review with this Court. This motion was granted and upon review, we vacate and remand.

## II. ANALYSIS

In Stump's brief, he renews his constitutional challenges to KRS 189A.104(2). However, before we can reach the constitutional issue, we must first determine if the statute applies to the facts of this case.

The statute in question, KRS 189A.104, reads in its entirety:

**Alcohol or substance testing subject to refusal or enhancement of penalties under KRS Chapter 189A**

(1) The only alcohol or substance testing that is subject to refusal or enhancement of penalties provided for in this chapter is:

(a) Breath analysis testing by a machine installed, tested, and maintained by the Commonwealth for that specific purpose at a police station or detention facility;

(b) Blood or urine testing at the request of the officer at a police station, detention facility, or medical facility; or

(c) Combination of tests required in paragraphs (a) or (b) of this subsection.

(2) The results of any breath analysis by an instrument other than one specified in subsection (1) of this section shall be inadmissible in court.

We find that *Greene v. Commonwealth,* 244 S.W.3d 128 (Ky.App.2008), resolves the question of whether KRS 189A.104 applies to the case at hand. Greene was tried and convicted of felony DUI. Prior to his arrest, he submitted to a PBT and field sobriety tests, made incriminating statements and, after arrest, submitted to an Intoxilyzer test. Before trial, Greene moved to suppress the initial stop, the results of the field sobriety tests, the incriminating statements, and the result of the Intoxilyzer. At the suppression hearing, the Commonwealth presented testimony regarding the result of Greene's PBT.

On appeal, Greene cited KRS 189A.104(2) and claimed it rendered PBT results inadmissible for any purpose. The Court in *Greene* determined:

KRS 189A.104 specifies that only the results from tests conducted with a stationary machine or blood or urine testing may be used for enhancement of penalties or when considering the punishment for refusing to submit to a breath test.

*Id.* at 134.

In other words, the Court in Greene decided that the statute only applies to those DUI cases that involve either the enhancement of penalties or those cases where a suspect has refused to submit to the appropriate breath test. This limited applicability becomes immediately apparent when one considers the statute's title, "**Alcohol or substance testing subject to *refusal* or *enhancement of penalties* under KRS Chapter 189A[.]**" (emphasis added). *See Wheeler & Clevenger Oil Co., Inc. v. Washburn,* 127 S.W.3d 609, 613 (Ky.2004) ("An Act's title may be considered in its interpretation."); *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet,* 133 S.W.3d 456, 463 (Ky.2004) (It is proper to consider the title of an enactment in its construction.); and *American*

*Premier Ins. Co. v. McBride,* 159 S.W.3d 342, 349 (Ky.App.2004) ("The title of an enactment given to it by the legislative body is a proper consideration in its construction.").

Although the Court in *Greene* clearly indicated that KRS 189A.104 applied to only certain classes of DUI cases, it prefaced its ultimate holding[3] with a comment regarding the inadmissibility of PBT results at trial for sentencing purposes or to prove guilt, giving the impression that KRS 189A.104(2) renders PBT results inadmissible at trial in all DUI cases. However, this comment should not be taken out of context or considered as a judicial mandate regarding the inadmissibility of PBT results at trial as that issue was not before nor conclusively addressed by the Court in *Greene.*

In the present case, Stump did not refuse to submit to one of the tests found in KRS 189A.104 nor was he subject to any enhancement of penalties. Consequently, the statute and its prohibition regarding the admissibility of PBT results do not apply to this case. Furthermore, because the statute is inapplicable to Stump's case, the question of its constitutionality is a moot issue. Because KRS 189A.104 was erroneously applied to Stump, we vacate the circuit court's opinion, Stump's conviction, and the district court's order excluding his PBT result.

Having said this, we hasten to point out that we have vacated, not reversed. Hence, on remand it will be incumbent upon the district court to determine whether the result of Stump's PBT is relevant and, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993),

whether the PBT result is sufficiently reliable to be admissible at trial.

For the foregoing reasons, the opinion of the Fayette Circuit Court, the judgment of conviction against Stump, and the order of the Fayette District Court denying Stump's motion to present exculpatory evidence are vacated. This matter is remanded to the Fayette District Court for further proceedings not inconsistent with this Court's opinion.

ALL CONCUR.

---

3. The Court in *Greene* held, "the pass/fail result of a PBT is admissible for the limited purpose of establishing probable cause for an arrest at a hearing on a motion to suppress." *Greene,* 244 S.W.3d at 135.