Scott **CROUCH**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

No. 2009–SC–000129–DG.

Supreme Court of Kentucky.

June 17, 2010.

Rehearing Denied Nov. 18, 2010.

V. Gene Lewter, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Jason Bradley Moore, Assistant Attorney General, Office of Criminal Appeals, Attorney General's Office, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Chief Justice MINTON.

### I. *INTRODUCTION.*

Scott Crouch does not deny that his conduct meets the elements necessary to convict him of the felony offense of theft of identity.[1] Nevertheless, he argues that he should have been convicted of a different offense, the misdemeanor offense of giving a false name to a police officer.[2] We disagree.

### II. *FACTUAL AND PROCEDURAL HISTORY.*

The relevant facts underlying Crouch's convictions do not appear to be in dispute. An officer observed Crouch traveling approximately ninety miles per hour in a fifty-five mile per hour zone. Another officer stopped Crouch's vehicle, got Crouch out of the vehicle, and took Crouch to the officer's vehicle. That officer asked Crouch for identification, but Crouch responded that he did not have any identification. The officer then asked Crouch his name, and Crouch replied that he was "John Kiger" and gave the officer a social security number. A records check of the social security number provided by Crouch showed that number belonged to John Kiger. The officer then searched Crouch's vehicle and located a marijuana cigarette on the front passenger's seat.

---

1. *See* Kentucky Revised Statutes (KRS) 514.160.

2. *See* KRS 523.110.

The officer then took Crouch, who the officer had no reason to believe was not someone named John Kiger, to the local jail. When the officer and Crouch entered the jail, a guard addressed Crouch as "Scott." When the arresting officer said Crouch's name was "John," the guard showed the arresting officer a personal information sheet that contained a picture of Crouch and listed a social security number different from that which Crouch had given the arresting officer. At some point, Crouch admitted that he used the name "John Kiger" as an alias. When the social security number on the personal information sheet was checked, the authorities discovered that Crouch's driver's license had been suspended.

A grand jury indicted Crouch for one count of theft of identity, one count of reckless driving, one count of possession of marijuana, and one count of being a persistent felony offender in the first degree (PFO 1). The charges proceeded to trial.

A jury acquitted Crouch of the possession of marijuana charge [3] but found him guilty of theft of identity, reckless driving, and of being a PFO 1. The jury recommended that Crouch be sentenced to five years' imprisonment for the theft of identity conviction, enhanced to fifteen years' imprisonment due to the PFO 1 conviction.[4] The trial court sentenced Crouch in accordance with the jury's recommendation, whereupon Crouch filed an appeal as a matter of right with the Kentucky Court of Appeals. A divided panel of the Court of Appeals affirmed, and we granted Crouch's motion for discretionary review in order to examine various issues involv-

ing the charge of theft of identity. Finding no fault with the Court of Appeals majority opinion's analysis or ultimate conclusions, we affirm.

## III. ANALYSIS.

The crux of Crouch's argument is that he should have been prosecuted for the misdemeanor offense of giving a false name to a police officer instead of the felony offense of theft of identity. Crouch presents several sub-arguments in support of his position, but all of those arguments are without merit.

### A. The Relevant Statutes.

In order to analyze fully Crouch's arguments, we must first set forth the relevant portions of the theft of identity statute and the giving a false name to a peace officer statute. KRS 514.160 governs the offense of theft of identity. In relevant part, KRS 514.160(1) provides as follows:

> A person is guilty of the theft of the identity of another when he or she knowingly possesses or uses any current or former identifying information of the other person . . ., such as that person's . . . name, address, telephone number, electronic mail address, Social Security number, driver's license number, birth date, personal identification number or code, and any other information which could be used to identify the person, including unique biometric data, with the intent to represent that he or she is the other person for the purpose of:
>
> . . . .
>
> (d) Avoiding detection. . . .

---

3. The final judgment issued by the trial court erroneously provides that Crouch was found guilty of the possession of marijuana charge. The Court of Appeals properly entered an order requiring the trial court to correct its judgment to reflect that Crouch was acquitted of the possession of marijuana charge.

4. The jury was not asked to recommend a penalty for the misdemeanor reckless driving conviction.

The offense with which Crouch argues he should have been charged, giving a peace officer a false name, is governed by KRS 523.110(1), which provides:

> A person is guilty of giving a peace officer a false name or address when he gives a false name or address to a peace officer who has asked for the same in the lawful discharge of his official duties with the intent to mislead the officer as to his identity. The provisions of this section shall not apply unless the peace officer has first warned the person whose identification he is seeking that giving a false name or address is a criminal offense.

B. *The Trial Court Properly Denied Pretrial Amendment of the Indictment; Prosecutor Does Not Have Unfettered Discretion in Determining Appropriate Charge.*

Before trial, Crouch unsuccessfully asked the trial court to amend the indictment to charge him with giving a false name to a peace officer. Crouch unsuccessfully argued before the Court of Appeals the refusal to amend the indictment as error. Crouch raises this issue again, quoting from the dissent from the Court of Appeals opinion, which stated, among other matters, that "the [trial] court erred in denying Crouch's pretrial motion to amend the indictment...."

■ As the Court of Appeals majority correctly noted, however, a trial court lacks jurisdiction to change a valid indictment except as provided by Kentucky Rules of Criminal Procedure (RCr) 6.16.[5] RCr 6.16 provides in pertinent part that a court "may permit an indictment, information, complaint or citation to be amended any time before verdict or finding *if no additional or different offense is charged* and if substantial rights of the defendant are not prejudiced." (Emphasis added.) Clearly, changing the charge against Crouch from the felony offense of theft of identity to the misdemeanor charge of giving a false name to a peace officer would have resulted in Crouch being charged with an entirely different offense. So the trial court properly denied Crouch's request to modify the indictment.[6]

■ This conclusion also belies Crouch's related argument that it is "a personal choice on the part of the officer or the Commonwealth's Attorney to make the de-

---

5. *See, e.g., Coleman v. Commonwealth,* 501 S.W.2d 583, 584 (Ky.1973) ("A trial court has no authority to amend an indictment to charge an additional or different offense, RCr 6.16. This has been the rule in this Commonwealth for a great number of years....").

6. On a somewhat related note, Crouch also unsuccessfully argued to the Court of Appeals that the trial court erred by refusing to instruct the jury on the offense of giving a false name to a peace officer. Although he does not seem to raise that precise argument before us, Crouch's brief does quote the Court of Appeals dissent contending that the trial court erred by refusing to instruct the jury on giving a false name to a peace officer. So it appears that Crouch has now abandoned this argument; but, out of an abundance of caution, we will briefly address it.

Instructions must conform to the evidence, but no instruction should be given on a theory not supported by the evidence. *See, e.g., Sanders v. Commonwealth,* 301 S.W.3d 497, 500 (Ky.2010). It is beyond dispute that a person may not be found guilty of giving a false name to a peace officer "unless the peace officer has first warned the person whose identification he is seeking that giving a false name or address is a criminal offense." KRS 523.110(1). Since there is no indication in the record that the arresting officer gave the requisite warning to Crouch, the Court of Appeals majority properly concluded that the trial court correctly declined to instruct the jury on the offense of giving a false name to a peace officer.

cision under which statute to charge a person." To the contrary, as we explained in *Coleman,* the choice of which—if any—offenses for which an indictment should be returned is a matter within the province of the grand jury.[7] So, contrary to Crouch's argument, a prosecutor does not have unfettered discretion to charge a defendant on a whim. The prosecution's decision to seek identity theft charges against Crouch was not arbitrary or otherwise improper because the lack of a warning by the arresting officer meant that Crouch could not properly have been charged with giving a false name to a peace officer.

On a related note, Crouch's reliance upon our recent unpublished decision in *Commonwealth v. Stephens*[8] to buttress his argument that conduct similar to his may be, or should be, prosecuted only as giving a false name to a peace officer is unavailing. *Stephens* is readily distinguishable because, unlike Crouch, the defendant in that case was specifically warned by the arresting officer that giving a false name to a peace officer is a criminal offense.[9] *Stephens,* therefore, offers no solace to Crouch.

Consequently, we emphatically reject Crouch's baseless argument that prosecutorial vindictiveness or, alternatively, sheer randomness was the reason he was charged with the felony theft of identity offense instead of the misdemeanor offense of giving a false name to a peace officer.

### C. *Crouch's Conduct Meets the Elements of Theft of Identity, and We May Not Add Language to the Clear Terms of a Statute.*

 In order to convict Crouch of theft of identity under KRS 514.160(1)(d), the Commonwealth must have proven beyond a reasonable doubt that Crouch knowingly used another person's identifying information with the intent to represent himself as that other person in order to avoid detection. There is no dispute that Crouch's conduct met those elements.

 In fact, Crouch gave the officer both Kiger's name and social security number, each of which is specifically mentioned as being identifying information sufficient to subject someone to a theft of identity charge.[10] By contrast, giving another person's social security number to a peace officer would not be enough, standing alone, to support a charge of giving a false name to a peace officer because KRS 523.110(1) provides that a person commits the offense of giving a false name or address to a peace officer only when, after being sufficiently warned, the person "gives a false name or address to a peace officer who has asked for the same in the lawful discharge of his official duties with the intent to mislead the officer as to his

7. *Coleman,* 501 S.W.2d at 584 ("When a series of facts constituting a crime are presented to a grand jury it is entirely possible that they will support an indictment for several different offenses. This does not mean that the grand jury must indict upon all offenses that the facts will support nor does it mean it must indict upon the lesser offense that the facts will support. It has a choice in the matter and once that choice is made by the grand jury the defendant has no absolute right nor does the trial court have jurisdiction to change it except as authorized by RCr 6.16.").

8. No. 2006–SC–000305–DG, 2008 WL 2167980 (Ky. May 22, 2008).

9. *Id.* at *2.

10. *See* KRS 514.160(1) ("A person is guilty of the theft of the identity of another when he or she knowingly possesses or uses any current or former identifying information of the other person ..., such as that person's ... name ... [or] Social Security number ... with the intent to represent that he or she is the other person....").

identity." So the fact that Crouch was not warned by the arresting officer, combined with the fact that Crouch gave the police officer both Kiger's name and social security number, leads to the inescapable conclusion that Crouch's conduct falls more properly under the theft of identity statute than the giving a false name or address to a peace officer statute.

In reality, Crouch does not seem to dispute vigorously that his conduct meets the statutory elements of the theft of identity offense as it is set forth at KRS 514.160. Nevertheless, Crouch asks us to hold that he could not have been convicted of theft of identity because he purportedly did not gain a pecuniary benefit. We decline to so hold.

█ The law is clear that a court may not engraft language onto a statute in order to achieve a desired result. As we have pointedly explained, "it is neither the duty nor the prerogative of the judiciary to breathe into the statute that which the Legislature has not put there." [11] And the General Assembly did not put into KRS 514.160(1)(d) *any* pecuniary gain requirement.[12] So the identity theft was accomplished when Crouch gave Kiger's name and social security number to the authorities in order to avoid detection, regardless of whether that theft caused Kiger ultimately to suffer an economic loss.[13]

█ Our conclusion is not altered by the fact that the theft of identity statute is found in KRS Chapter 514, which contains theft offenses. As the Court of Appeals majority correctly observed, KRS 446.140 expressly provides that with the exception of the Uniform Commercial Code, "[t]itle heads, chapter heads, section and subsection heads or titles, and explanatory notes and cross references, in the Kentucky Revised Statutes, do not constitute any part of the law...." The fact that theft of identity is located in a statutory chapter dealing with theft, and a thief usually commits a theft in order to gain a pecuniary advantage, does not mean that we may graft pecuniary gain language onto KRS 514.160(1)(d). Likewise, the fact that other subsections of KRS 514.160, which set forth other ways a person may commit the crime of theft of identity, may contain a requirement that the theft be motivated by pecuniary gain is irrelevant to whether the particular subsection at issue contains—or should be construed as containing—an implied pecuniary gain requirement.

Finally, we are aware that in *Stump v. Commonwealth*, greatly relied upon by Crouch, the Court of Appeals seemed to rely upon the title of a statute as an aid in

---

**11.** *Commonwealth v. Gaitherwright*, 70 S.W.3d 411, 413 (Ky.2002).

**12.** Arguably, Crouch acted to further his own pecuniary interests when he used Kiger's name and social security number. Crouch sought to avoid detection because, in his own words, he had "outstanding warrants for ... a probation violation, failure to pay a fine, and failure to appear." Using Kiger's identity successfully likely would have caused Crouch to, at least temporarily, have avoided paying the financial consequences of his outstanding warrants. Also, if Crouch had been convicted, Kiger could have suffered an economic loss because all the court records associated with Crouch's conviction (arrest report, judg-

ment of conviction, etc.) would have shown that Kiger—not Crouch—was responsible for payment of any fines and court costs. Because we ultimately reject Crouch's unwarranted request to graft pecuniary-related language onto KRS 514.160(1)(d), we need not definitively address any further the possible pecuniary ramifications of Crouch's use of Kiger's identity.

**13.** The fact that Kiger apparently suffered no readily identifiable tangible or intangible losses in the case at hand does not detract from the fact that identity theft generally has the potential to be devastating to its victims' finances and reputations.

its statutory construction.[14] But precedent clearly holds that "[a]lthough the title of an enactment itself is a proper consideration in its construction, the title of the KRS Chapter where an enactment is placed by the reviser of statutes has no role to play in its interpretation."[15] And it is clear that the Court of Appeals erred in *Stump* when it relied upon the title of a statute that was not part of the legislative enactment. So *Stump* is overruled to the extent that it stands for the proposition that a court may, as a tool of statutory construction, properly rely upon a statutory title that was not part of the enactment of the General Assembly.

### D. *Because the Statute is Clear, the Rule of Lenity is Inapposite.*

■ Crouch contends that the rule of lenity requires that he be prosecuted for giving a peace officer a false name instead of theft of identity. We disagree. As we recently observed, the rule of lenity is "often invoked by criminal defendants seeking a more favorable construction of a statute"; and the rule "applies only if the statute at issue is genuinely ambiguous and even then only if the ambiguity cannot

be resolved by resort to the other traditional rules of construction."[16] The rule of lenity has no place in the analysis of this case because the plain language of KRS 514.160(1)(d) leaves room for no ambiguities or doubts about its proper scope and application.

### E. *The Punishment is Not Disproportionate to the Crime.*

■ Crouch argues at length that the punishment he received is disproportionate to the crime he committed. We disagree.

Crouch glosses over the fact that he would have been sentenced to only five years' imprisonment for the theft of identity offense had he not also been convicted of being a PFO 1. It is entirely permissible for a recidivist to be punished more severely than a first-time offender.[17] Indeed, Crouch's sentence is not unduly disproportionate to other similarly situated defendants.[18] Moreover, Crouch's PFO 1–enhanced fifteen-year sentence is well below the twenty-year maximum sentence he could have received.[19]

---

14. 289 S.W.3d 213, 215 (Ky.App.2009).

15. *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet,* 133 S.W.3d 456, 463–64 (Ky.2004) (internal footnote and emphasis omitted). *Accord American Premier Ins. Co. v. McBride,* 159 S.W.3d 342, 349 (Ky.App.2004) ("The title of an enactment given to it by the legislative body is a proper consideration in its construction. In contrast, the title of the KRS Chapter where an enactment is placed by the reviser or the location within the code where it is placed are not to be considered in its construction.") (internal footnote omitted). Nothing in the title of the legislation that created KRS 514.160, nor the title of the legislation that amended KRS 514.160, gives solace to Crouch. *See* 2000 Ky. Acts, Ch. 174 (H.B. 4), § 1 (creating crime of theft of identity); 2002 Ky. Acts, Ch. 175 (H.B. 79), § 8 (amending KRS 514.160).

16. *Rodgers v. Commonwealth,* 285 S.W.3d 740, 752 (Ky.2009).

17. *Riley v. Commonwealth,* 120 S.W.3d 622, 634 (Ky.2003).

18. *Ogden v. Commonwealth,* No. 2003–CA–002074–MR, 2004 WL 2011327 (Ky.App. Sept.10, 2004) (defendant sentenced to a PFO 1–enhanced sentence of ten years' imprisonment for theft of identity conviction).

19. Theft of identity is a Class D felony. KRS 514.160(2). Persons who are convicted of being a PFO 1 on the basis of an underlying Class D felony may be sentenced to a minimum of ten and a maximum of twenty years' imprisonment. KRS 532.080(6)(b).

In short, in light of the potentially serious consequences for a victim of identity theft and the fact that Crouch's penalty was enhanced by virtue of being a PFO 1—while noting that enhancement did not result in Crouch receiving the maximum permissible sentence—we reject Crouch's argument that his sentence was disproportionate to the offense he committed. Similarly, we reject Crouch's baseless arguments that his convictions or sentence somehow violate his right to due process and equal protection.

## IV. CONCLUSION.

For the foregoing reasons, we affirm the opinion of the Court of Appeals that affirmed the trial court judgment.

All sitting. All concur.