RENDERED: SEPTEMBER 22, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0494-DG

COMMONWEALTH OF KENTUCKY                                          APPELLANT


V.

ON REVIEW FROM COURT OF APPEALS
NO. 2019-CA-0966
FAYETTE CIRCUIT COURT NO. 16-CR-00383


KENNETH LAMONT BOONE, JR.                                          APPELLEE


**OPINION OF THE COURT BY JUSTICE NICKELL**

**<u>REVERSING AND REMANDING</u>**

The Commonwealth appeals from a decision of the Court of Appeals reversing Kenneth Boone's convictions in Fayette Circuit Court for theft of identity and being a persistent felony offender in the first degree (PFO I). The Commonwealth argues the trial court did not err in refusing to give an instruction for the misdemeanor offense of giving a peace officer false identifying information. Following a careful review of the briefs, the record, and the law, we reverse.

In February 2016, Boone was the driver of a vehicle stopped by police. Boone told Detective Christopher Pope from the narcotics enforcement unit of the Lexington Police Department that his driver's license was suspended and he lacked identification. He gave his name as "Daniel Wharton" with a

birthdate of April 17, 1993. The detective warned that giving false information to a law enforcement officer was a crime, but Boone persisted in providing the detective with Wharton's information. Following a search, Boone was arrested and charged with a felony offense, possession of a controlled substance in the first degree; a misdemeanor offense, operating on a suspended or revoked operator's license; and a violation, failure to illuminate rear license. Later, after it was learned at the jail he was not Daniel Wharton, Boone was also indicted for an additional felony offense, theft of identity, and for being a PFO I.

Boone lost two suppression hearings challenging the validity of his traffic stop. Subsequently, the possession charge was severed, and Boone was tried by a jury on the remaining charges. At the close of evidence, Boone requested the trial court instruct the jury on the offense of giving a peace officer false identifying information. During discussion of the jury instructions, the trial court noted the form instruction book indicated giving a peace officer false identifying information is not a lesser-included offense of theft of identity. Boone contended the logic of a Court of Appeals opinion, *Stephenson v. Commonwealth*, No. 2016-CA-00013-MR, 2017 WL 5907976, at *3 (Ky. App. Dec. 1, 2017), an opinion depublished by this Court in its denial of discretionary review on March 14, 2018, entitled him to a lesser-included instruction. The Commonwealth countered pointing to a discussion in *Crouch v. Commonwealth*, 323 S.W.3d 668 (Ky. 2010), standing for the opposite proposition that giving a peace officer false identifying information is not a lesser-included offense, but a separate, distinct charge with an additional fact

2

needing to be proved.  The trial court denied Boone's requested instruction.

Boone was found guilty of all charges and was sentenced to an aggregate term

of ten years' imprisonment.[1]

Boone appealed.  The Court of Appeals affirmed the validity of the traffic

stop and the resulting convictions for possession of a controlled substance,

operating on a suspended or revoked operator's license, and failure to

illuminate rear license.  However, the Court of Appeals agreed with Boone that

the trial court erred by failing to instruct the jury on the misdemeanor offense

of giving a peace officer false identifying information as a lesser-included

offense to the theft of identity charge and reversed as to that conviction.

KRS[2] 505.020(2) specifies whether a charge constitutes a lesser-included

offense.  The statute provides:

> (2)  A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:
> (a) It is established by proof *of the same or less than all the facts* required to establish the commission of the offense charged; or
> (b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or
> (c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or
> (d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

(Emphasis added).

---

[1] Boone eventually pled guilty to the severed possession of a controlled substance charge and was sentenced to one year to run concurrently with the ten-year sentence for the other charges.

[2] Kentucky Revised Statutes.

The felony offense of theft of identity is governed by KRS 514.160, which provides, in pertinent part:

> (1) A person is guilty of the theft of the identity of another when he or she knowingly possesses or uses any current or former identifying information of the other person or family member or ancestor of the other person, such as that person's or family member's or ancestor's name, address, telephone number, electronic mail address, Social Security number, driver's license number, birth date, personal identification number or code, and any other information which could be used to identify the person, including unique biometric data, with the intent to represent that he or she is the other person for the purpose of:
>     . . . .
> (d) Avoiding detection . . . .

The misdemeanor crime of giving a peace officer false identifying information, which Boone asserts is a lesser-included offense, is governed by KRS 523.110(1), which provides:

> A person is guilty of giving a peace officer false identifying information when he or she gives a false name, address, or date of birth to a peace officer who has asked for the same in the lawful discharge of his or her official duties with the intent to mislead the officer as to his or her identity. The provisions of this section shall not apply unless the peace officer has first warned the person whose identification he or she is seeking that giving a peace officer false identifying information is a criminal offense.

Other than the requirement of a warning for giving a peace officer false identifying information, the two crimes are very similar.

The Court of Appeals reasoned the added requirement of a warning was merely a prerequisite, rather than an element, of the misdemeanor crime. Under this theory, which is the same theory found in *Stephenson*, giving a peace officer false identifying information purportedly could be regarded as a lesser-included offense containing the same or fewer number of elements

4

pursuant to KRS 505.020(2)(a), rather than containing an additional element and constituting a distinct or unrelated offense to theft of identity. This appeal by the Commonwealth follows. Boone did not appeal, so the only issue before us is whether the misdemeanor instruction was required.

The Commonwealth contends the trial court properly refused to instruct the jury on the offense of giving a peace officer false identifying information. Specifically, it argues that comparing the elements of the offense of theft of identity with the elements of giving a peace officer false identifying information confirms Boone was not entitled to a lesser-included instruction because the misdemeanor offense had an additional element the felony offense did not contain. Thus, the Commonwealth maintains the Court of Appeals' contrary holding is not persuasive, arguing it is inconsistent with this Court's decision in *Crouch*.

We review the trial court's decision not to give a jury instruction for abuse of discretion. *Hunt v. Commonwealth*, 304 S.W.3d 15, 31 (Ky. 2009); *Sargent v. Shaffer*, 467 S.W.3d 198, 202-03 (Ky. 2015) (overruled on other grounds by *University Medical Center, Inc. v. Shwab*, 628 S.W.3d 112 (Ky. 2021)) (noticing and discussing some confusion over the proper standard of review to use). "Under the familiar standard prescribed in *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999), a trial court abuses its discretion when its decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* at 203.

5

"A defendant is entitled to an instruction on any lawful defense which he has." *Hudson v. Commonwealth*, 202 S.W.3d 17, 20 (Ky. 2006) (quoting *Slaven v. Commonwealth*, 962 S.W.2d 845, 856 (Ky. 1997)).  And while a "lesser included offense is not a defense within the technical meaning of those terms as used in the penal code, it is, in fact and principle, a defense against the higher charge." *Id.*  "An instruction on a lesser included offense is required only if, considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense and, yet, believe beyond a reasonable doubt that he is guilty of the lesser offense." *Houston v. Commonwealth,* 975 S.W.2d 925, 929 (Ky. 1998) (citing *Wombles v. Commonwealth*, 831 S.W.2d 172, 175 (Ky. 1992)).

Kentucky courts determine whether a charge is a lesser-included offense by comparing the facts necessary to prove guilt for both offenses.  "[I]f the lesser offense requires proof of a fact not required to prove the greater offense, then the lesser offense is not included in the greater offense, but is simply a separate, uncharged offense." *Hudson,* 202 S.W.3d at 20-21 (quoting *Colwell v. Commonwealth*, 37 S.W.3d 721, 726 (Ky. 2000)).  In other words, a lesser included offense is one which includes proof of the same or fewer facts than for the primary offense.  *Commonwealth v. Day*, 983 S.W.2d 505, 509 (Ky. 1999).

The trial court properly performed its analysis, reasoning that the lesser offense of giving false identifying information to a peace officer requires proof of an aspect that theft of identity does not.  While the felony crime of identity theft and the misdemeanor offense of giving false information to a police officer are

6

quite similar, the latter requires additional proof of a warning by a peace officer. As such, pursuant to KRS 505.020(2)(a), giving false information to a peace officer is not a lesser-included offense to theft of identity. Therefore, the trial court acted properly and did not abuse its discretion when it chose not to give jury instructions to a lesser, not-included offense.

Boone and the Court of Appeals' panel make much of a legal theory and distinction espoused in *Stephenson* that the requirement of a warning by a peace officer is merely a prerequisite, not an element, of the offense of giving false identifying information. For purpose of determining whether the aforesaid misdemeanor qualifies as a lesser-included offense *vis-à-vis* the said felony, the Court of Appeals justified its characterization of a warning as a "prerequisite" rather than an element of the misdemeanor by reasoning "[g]enerally, elements of a criminal offense mandate what conduct *the defendant* must engage in to commit that offense." *Boone v. Commonwealth*, No. 2019-CA-0966, 2021 WL 3572864, at *6 (Ky. App. Aug. 13, 2022) (emphasis in original). Because the warning the peace officer must give is conduct the defendant has no control over, the Court of Appeals concluded the required warning is not an element of the misdemeanor. In so doing, the Court of Appeals identified no authority in support of its holding except for *Stephenson*, 2017 WL 5907976, at *3, which itself cited no precedent.

We note there are, in fact, crimes in Kentucky that a criminal can be convicted of based on the conduct of others. For example, the crimes of fleeing

7

or evading police in the first degree[3] and fleeing or evading police in the second degree[4] have the same mental states—knowing or wanton—and both require direction to stop by a person recognized to be an officer. The crime of burglary in the first degree[5] can include conduct of a third-party as a statutory element of the offense. "The plain language of the statute makes clear that in order for the licensee to 'know' his license has been revoked, the owner of the building or one with authority must 'personally communicate[]' the revocation to the licensee." *Lewis v. Commonwealth*, 392 S.W.3d 917, 920-21 (Ky. 2013). For this reason, the Court of Appeals' holding that elements of a crime must be conduct within the defendant's control is unpersuasive and we reject any such distinction.

KRS 505.020(2) governs what is a lesser-included offense and mentions neither "element" nor "prerequisite." The plain language of KRS 505.020(2) sets out that a lesser-included offense "is established by proof of the same or less than all the facts required to establish the commission of the offense charged."[6] It is abundantly clear the requirement of a warning by a peace officer is a fact required to be established for the misdemeanor crime that is not

---

[3] KRS 520.095.

[4] KRS 520.100.

[5] KRS 511.020.

[6] The statute mentions lesser-included offenses also can consist of attempts to commit the offenses charged or otherwise included, lesser kinds of culpability sufficient to establish their commission, or differences in a less serious injury or risk of injury to the same person, property or public interest sufficient to establish their commission, none of which apply in the case at hand.

contained in the elements required for a charge of theft of identity. Therefore, giving a peace officer false information is not a lesser-included offense of theft of identity. The Court of Appeals erred in so holding.

For the foregoing reasons, the decision of the Court of Appeals is reversed and the matter is remanded to that court for further proceedings consistent with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Solicitor General

COUNSEL FOR APPELLEE:

Aaron Reed Baker
Assistant Public Advocate